UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

TONY ALEXANDER,               )
    *aka Keith Young,*       )
    *aka Keith Ray Young,*   )
                      )      No. 5:12-CV-80-KKC-HAI
    Petitioner,              )
                      )    RECOMMENDED DISPOSITION
v.                            )       AND ORDER
                      )
WARDEN, BELL COUNTY FORESTRY  )
CAMP,                         )
                      )
AND                           )
                      )
ATTORNEY GENERAL FOR THE STATE )
OF OHIO,                      )
                      )
    Respondents.             )
                      )

*** *** *** ***

On March 14, 2012, Petitioner Tony Alexander filed a five-page document under 28 U.S.C. § 2254, seeking a writ of habeas corpus (*see* D.E. 1), which the undersigned found to be deficient but allowed to be corrected (*see* D.E. 2). On April 10, 2012, Petitioner filed an amended § 2254 Petition. D.E. 4.

Petitioner is a current Kentucky (and former Ohio) inmate, and he requests that the Court quash a detainer lodged by Ohio authorities premised on an underlying Ohio arrest warrant. *See* D.E. 4 at 5. The conduct that led to Petitioner's Kentucky convictions for drug trafficking and evading police produced Ohio parole charges, which are the basis for Petitioner's detainer. *See* D.E. 19-25. The Ohio Attorney General (Respondent),[1] filed a Motion to Dismiss Petitioner's §

---

[1]     The term "Respondent" is used throughout this opinion to refer to the Ohio Attorney General, on behalf of the Ohio Adult Parole Authority. Petitioner initially listed the Kentucky

2254 Petition on July 10, 2012, noting that Petitioner's parole charges and revocation proceeding remain pending in Ohio state court.  D.E. 19.  Petitioner responded to the Motion to Dismiss on July 27, 2012 (D.E. 22), and Respondent has filed a Reply (D.E. 26).  Pursuant to local practice, this matter was referred to the undersigned for a recommended disposition.  28 U.S.C. § 636(b).  For the reasons set forth below, the Court **RECOMMENDS** that the Motion to Dismiss (D.E. 19) be **GRANTED**, and that the District Court **DISMISS** the Petition (D.E. 1) without prejudice.

## I. BACKGROUND

On June 17, 2002, Petitioner pled no contest to, and was found guilty of, possession of drugs and preparation of drugs for sale in Cuyahoga County, Ohio Common Pleas Court, Case No. CR 411362.  D.E. 19-2 (Judgment Entry of Conviction).  He was sentenced to three years imprisonment on each conviction, which the court ordered to run concurrently.  *Id.*  Petitioner also received a five-year term of post-release control, and was assessed court costs and a mandatory fine of up to $10,000.00.  *Id.*; *see also* D.E. 19-7.  The court ordered that jail time credit be awarded and calculated.  *Id.*  Execution of Petitioner's sentence was stayed pending appeal.  *Id.*

Petitioner unsuccessfully appealed the trial court's ruling on his motion to suppress, and the Court of Appeals of Ohio, Eighth District, affirmed his convictions on March 3, 2003.  D.E. 19-3 (Ohio Eighth District Court of Appeals Judgment).  Petitioner did not timely appeal the

---

Department of Corrections as a Respondent, and the Court, noting that an application for writ of habeas corpus must also name the person who has custody over the petitioner, *see* 28 U.S.C. § 2242 and Rule 2(a) of Rules Governing Section 2254 Cases, listed as a Respondent the Warden of the facility where Petitioner was incarcerated.  *See* D.E. 5.  Petitioner recently notified the Court that he is now incarcerated at Bell County Forestry Camp, and the Court has listed the Warden of that facility as a Respondent.  However, because of the absence of a Kentucky interest, the Court uses the term "Respondent" herein to refer only to the Ohio Attorney General/Ohio Adult Parole Authority.

decision to the Supreme Court of Ohio, and on June 11, 2003, the court denied his motion for leave to file a delayed appeal. D.E. 19-4 (Ohio Supreme Court Entry).

On September 24, 2003, after Petitioner failed to appear for sentence execution after the finalization of his appeal, the Cuyahoga County court issued a capias for his arrest. D.E. 19-5 (Cuyahoga County Court Journal Entry, September 24, 2003).[2] Petitioner was arrested in October of 2005, and his sentence execution was set for November 7, 2005. D.E. 19-6 (Cuyahoga County Court Journal Entry, October 31, 2005). Meanwhile, on July 21, 2004, the Court of Appeals of Ohio, Eighth District, denied Petitioner's application to reopen the June 17, 2002 judgment based upon ineffective assistance of appellate counsel, and the Supreme Court of Ohio dismissed the appeal from that order on November 15, 2004. D.E. 19-13 (Ohio Eighth District Court of Appeals Opinion); D.E. 19-14 (Opinion of the Supreme Court of Ohio).[3]

Petitioner appeared for sentence execution on his June 17, 2002 convictions on November 7, 2005. D.E. 19-7 (Cuyahoga County Court Journal Entry, November 10, 2005). The court ordered the three-year sentence of imprisonment into execution, followed by five years of post-release control. *Id.* The court also ordered "Defendant to receive credit for all time

---

[2]      In his response to Respondent's Motion to Dismiss, Petitioner disputes that he was ordered to appear for sentence execution. D.E. 22 at 4. He also notes that he was imprisoned in Kentucky from December 20, 2002, until August 31, 2004. *Id.* He claims that "Cuyahoga County never served him with a Court summons nor did they place any kind of detainer against him." *Id.* Docket Entry No. 19-5, attached to Respondent's Motion to Dismiss, is a journal entry from the Cuyahoga County court noting that capias warrants were issued. *See* 19-5. Petitioner claims this dispute is significant because "[h]ad officials brought the Petitioner in for final sentencing in a timely manner their sentence of time and supervision would have expired around 2009 in the fall." D.E. 22 at 5. Petitioner, however, has failed to show that the delay in sentence execution, whatever the cause, was a violation of his constitutional rights. To the extent Petitioner argues this event contributed to the alleged illegality of the current Ohio detainer, as explained herein, that issue is not ripe for this Court's adjudication.

[3]      Petitioner also complains that Respondent filed certain exhibits out of chronological order. D.E. 22 at 5. Given the complicated factual background, Respondent appears to have filed the exhibits in as organized a manner as possible. The Court has thoroughly reviewed the exhibits, including the date of each document, and has a full understanding of the factual background and chronology.

served in this case and grant credit for time served and time in custody in Jefferson County Case #s 02 CR 1390 and 97 CR 1522." *Id.* Petitioner's jail time credit was calculated and then recalculated several times. On December 6, 2005, the court limited Petitioner's credit for time served on Jefferson County Case # 97 CR 1522 to any actual time served after the date of his Ohio offense, which was June 22, 2001. D.E. 19-8 (Cuyahoga County Court Journal Entry, December 6, 2005). This calculation was amended on May 18, 2006, to reflect that Petitioner was entitled to credit only for the days in confinement arising out of his Ohio offense. D.E. 19-9 (Cuyahoga County Court Journal Entry, May 18, 2006). The court granted him a total of thirty days jail time credit, and denied Petitioner's motion for jail time credit from Jefferson County, Kentucky. D.E. 19-10 (Cuyahoga County Court Journal Entry, May 18, 2006). On June 2, 2006, Petitioner's jail time credit was again amended, as the court granted him an additional twelve days of credit for time awaiting extradition to Cuyahoga County jail and an additional fifty-four days for time served on a fugitive charge while in Louisville, Kentucky, for a total of ninety-six days. D.E. 19-11 (Cuyahoga County Court Journal Entry, June 2, 2006). On July 31, 2006, the court denied Petitioner's motion for judicial release, noting that Petitioner was serving a mandatory prison term. D.E. 19-12 (Cuyahoga County Court Journal Entry, July 31, 2006).

At the same time the court was calculating his jail time credit, Petitioner also filed a state petition for a writ of habeas corpus. The County of Belmont Court of Common Pleas denied his petition on June 20, 2006. D.E. 19-15 (County of Belmont, Court of Common Pleas Judgment). The Court of Appeals of Ohio, Seventh District, affirmed on September 17, 2007. D.E. 19-16 (Ohio Seventh District Court of Appeals Opinion).

On December 5, 2006, Petitioner was released from custody to begin his five year term of post-release control. D.E. 19-19 (Post Release Control Reporting Order). Upon Petitioner's

request, his supervision was transferred to Kentucky on December 7, 2006. D.E. 19-20 (Offender's Application for Interstate Compact Transfer).

Petitioner's attempts to challenge his 2002 convictions in federal court were unsuccessful. On September 27, 2007, the Northern District of Ohio dismissed Petitioner's § 2254 petition (Case Number 1:06-CV-2181) on substantive grounds, finding that Petitioner failed to show an "error resulting in the denial of fundamental fairness or cause to hesitate due to the probability of actual innocence." D.E. 19-17 at 2-3 (Northern District of Ohio Order of Dismissal, adopting Report & Recommendation of Magistrate Judge). The next day, the same court dismissed another § 2254 petition (Case Number 1:06-CV-1664) without prejudice for failure to exhaust state court remedies and failure to raise a cognizable federal claim. D.E. 19-18 (Northern District of Ohio Order of Dismissal, adopting Report & Recommendation of Magistrate Judge).

The next significant event, with respect to the instant petition, did not occur until 2011. On April 21, 2011, Petitioner entered a guilty plea in Jefferson Circuit Court (in Kentucky) Case No. 09-CR-0461 to trafficking in a controlled substance (Schedule II cocaine) in the first degree (subsequent offender) and fleeing or evading police. *See* D.E. 19-21 (Case No. 09-CR-0461 Jefferson Circuit Court Judgment of Conviction and Sentence). On that same day, he also entered a guilty plea to the charges in two other indictments. He pled guilty to complicity to trafficking in a controlled substance in the first degree (Schedule II cocaine), complicity to trafficking in a controlled substance in the first degree (Schedule I heroin), and complicity to trafficking in a controlled substance (cocaine) within 1,000 yards of a school in Jefferson Circuit Court Case No. 10-CR-0911. *See* D.E. 19-22 (Case No. 10-CR-0911 Jefferson Circuit Court Judgment of Conviction and Sentence). He also pled guilty to trafficking in a controlled

substance in the first degree (Schedule I heroin) (subsequent offender) in Jefferson Circuit Court Case No. 10-CR-3862.  *See* D.E. 19-23 (Case No. 10-CR-3862 Jefferson Circuit Court Judgment of Conviction and Sentence).

Petitioner was sentenced to a total of fifteen years on the Kentucky convictions.  This included a total of ten years in Case No. 09-CR-0461 and ten years in Case No. 10-CR-3862, to run concurrently.  D.E. 19-21; D.E. 19-23.  Petitioner was also sentenced to a total of five years in Case No. 10-CR-0911, to run consecutively to his concurrent ten-year sentences in Case Nos. 09-CR-0461 and 10-CR-3862.  D.E. 19-22.  Upon learning of Petitioner's convictions and imprisonment in the state of Kentucky, the Ohio Adult Parole Authority ceased running Petitioner's supervision time as of May 9, 2011, the date Petitioner was sentenced.  D.E. 19-24 (Ohio Adult Parole Authority Special Minutes).  On June 17, 2011, the Ohio Adult Parole Authority issued a detainer warrant on the basis that Petitioner's Kentucky convictions were a violation of the terms of his Ohio post-release supervision.  D.E. 19-25 (State of Ohio Warrant). This detainer forms the basis of Petitioner's § 2254 petition.

Petitioner argues that the Ohio detainer is illegal because he claims the post-release supervision imposed upon his 2002 Ohio convictions was terminated by the Commonwealth of Kentucky prior to the 2011 convictions.  D.E. 4 at 5.  He has filed a final discharge report from the Commonwealth terminating his Kentucky (but not his Ohio) supervision.  D.E. 1-1 at 4-5. He complains that the Ohio detainer has resulted in a loss of privileges, such as good prison jobs and rehabilitation programs, while he is incarcerated on his 2011 Kentucky convictions.  D.E. 1 at 2.  He also states that he has contacted parole authorities and public defenders in Kentucky and Ohio and they have been evasive and refused to investigate.  D.E. 4 at 7.  He asks this Court to order Ohio and/or Kentucky to remove the detainer.  D.E. 1 at 5.

Respondent has moved to dismiss the petition on the grounds that Petitioner has failed to exhaust available state court and administrative remedies.  D.E. 19 at 6.  Respondent also states that "Alexander's habeas relief grounds do not allege federal constitutional violations and even if his petition is liberally construed to encompass a federal constitutional claim, Alexander has not established that his federal constitutional rights were violated."  *Id.*  Respondent argues that it has the authority to revoke Petitioner's parole for violations of his supervision, and if it determines that parole revocation is appropriate, a hearing must be held under Ohio law.  *Id.* at 7. Respondent further claims that it does not have the authority to interfere with Kentucky's ability to prosecute Petitioner's 2011 charges, and it is not obligated to conduct a parole violation hearing until a reasonable time after Petitioner is returned to custody in Ohio.  *Id.* at 10.  Because Petitioner can challenge the detainer and potential parole revocation at the parole revocation hearing and any state court review proceedings, Respondent argues, he has not yet exhausted his state court remedies.  *Id.*

Respondent further argues that Petitioner's federal due process rights do not vest until he is taken into custody on the parole violation warrant.  *Id.* at 11.  Additionally, Respondent claims, Petitioner does not have a federal constitutional right to participate in prison rehabilitation programs or to be placed in a specific security classification.  *Id.*  Therefore, Respondent argues, the petition does not raise any federal constitutional claims and should be dismissed.  *Id.* at 11-12.

## II.  ANALYSIS

As Respondent notes, a § 2254 petitioner ordinarily must exhaust his state court remedies prior to filing a federal petition for a writ of habeas corpus.  Under § 2254(b),

(1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that- -

> (A) the applicant has exhausted the remedies available in the courts of the State; or
>
> (B)
>
>> (i) there is an absence of available State corrective process; or
>>
>> (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.

28 U.S.C. § 2254(b).  "The exhaustion requirement is satisfied when the highest court in the state in which the petitioner was convicted has been given a full and fair opportunity to rule on the petitioner's claims."  *Wilson v. Mitchell*, 498 F.3d 491, 498-99 (6th Cir. 2007) (citing *Lott v. Coyle*, 261 F.3d 594, 601 (6th Cir. 2001)) (internal quotation marks omitted).

Petitioner claims he tried to avoid bringing this action in federal court by pursuing state court remedies, but that Ohio will not address the issue until Petitioner is in their custody.  D.E. 1 at 2; D.E. 22 at 2.  Petitioner appears to contend that further efforts in Ohio state court would be futile.  *See Turner v. Bagley*, 401 F.3d 718, 724 (6th Cir. 2005) ("[A] habeas court should excuse exhaustion where further action in the state court would be an exercise in futility.").

Respondent correctly notes, however, that federal law only requires a final parole revocation hearing "within a reasonable time after the parolee is taken into custody."  *Morrissey v. Brewer*, 408 U.S. 471, 488 (1972).  "Custody," in the parole-violation detainer context, would only occur when Ohio authorities execute the underlying arrest warrant.  *See Moody v. Daggett*, 429 U.S. 78, 87 (1976).  Under federal law, Ohio authorities may defer the warrant's execution until after Petitioner's Kentucky sentence expires.  *See*, *e.g.*, *Moody*, 429 U.S. at 87-88; *see also Davis v. Stine*, 2006 WL 1050069, at *3 (E.D. Ky. April 20, 2006) ("There is nothing impermissible in waiting until a parole or probation violator is released from [another

jurisdiction's] custody before holding revocation proceedings."); *Inmates' Councilmatic Voice v. Rogers*, 541 F.2d 633, 636 (6th Cir. 1976) ("APA [Adult Parole Authority] should not be required to travel outside of Ohio and conduct parole revocation hearings in a foreign jurisdiction every time a parolee commits a new crime in another State.   This would impose real inconvenience and hardship on the Board as well as subject the State to considerable unnecessary expense. . . .   In our opinion APA is not required to hold a final parole revocation hearing until a reasonable time after it has obtained custody over the parolee by executing the detainer in Ohio and has returned him to the institution from which he was paroled.").

Thus, Petitioner's efforts in Ohio state court have been premature or, at least, have not produced exhaustion.  Because Petitioner is serving a Kentucky sentence, Respondent is under no obligation at this juncture to execute the warrant and resolve Petitioner's parole-violation charges.[4]  At this stage, Petitioner cannot accurately claim that exhaustion would be futile.

The point is that state remedies are available to Petitioner in the future.  Ohio state law accords Petitioner a full parole revocation hearing once he is in Ohio custody.  *See* Ohio Admin. Code 5120:1-1-17(E); Ohio Admin. Code 5120:1-1-18(A).  After Petitioner serves his Kentucky

---

[4]     Unlike parole-violation charges, the Sixth Amendment speedy trial guarantee does extend to detainers based on untried *criminal charges* pending in another jurisdiction.  *See Smith v. Hooey*, 393 U.S. 374, 377-78 (1969). The Interstate Agreement on Detainers (IAD) now regulates the speedy disposition of untried criminal charges in the detainer context.  The Act requires a "trial within one hundred and eighty days" after the prisoner requests "final disposition" under the IAD.  18 U.S.C. App. 2 § 2 art. III(a).
          In *Carchman v. Nash*, 472 U.S. 716, 726 (1985), the Supreme Court ruled that the IAD does not apply to detainers premised on probation-violation charges, and the Court further stated that no independent constitutional right to a "speedy probation revocation hearing" exists.  *See id.* at 3409 n.10 ("This Court has never held, however, that a prisoner subject to a probation-revocation detainer has a constitutional right to a speedy probation revocation hearing.").  The Sixth Circuit has applied the ruling in *Carchman* to parole-revocation detainers.  *See White v. United States*, 113 F.3d 1236, 1997 WL 205615 at *2 (6th Cir. April. 24, 1997) (unpublished table decision).  Thus, no source of federal law requires Ohio to conduct a parole revocation hearing prior to Petitioner completing his Kentucky sentence and the subsequent execution of the underlying Ohio arrest warrant.

sentence, the Court anticipates that Ohio authorities will execute the warrant, obtain custody of Petitioner, and conduct such a full parole revocation hearing.  The Sixth Circuit has held that Petitioner must complete the revocation hearing provided by state law, and any state appellate review, before seeking federal habeas relief.  *Reece v. Gluch*, 886 F.2d 1316, 1989 WL 117998 at *1 (6th Cir. Oct. 6, 1989).  Petitioner may disagree with the deferral of the revocation hearing, but Respondent's apparent election to defer the hearing complies with federal law.

Petitioner also complains that the detainer has restricted his liberty "[b]ecause of custody level elevation."  D.E. 1 at 2.  However, this purported hardship does not support federal habeas review because "a prisoner has no constitutional right . . . to be held in a specific security classification."  *Harbin-Bey v. Rutter*, 420 F.3d 571, 576 (6th Cir. 2005) (citing *Moody*, 429 U.S. at 88, n. 9).

In his Response to the Motion to Dismiss, Petitioner also complains that Respondent has not furnished available transcripts, as required by the Court's April 24, 2012 Order.  D.E. 22 at 4. *See also* D.E. 5.  As an initial matter, the Court's Order only required Respondent to attach to its answer parts of the transcripts it considered relevant.  *Id.* at 2.  Further, the Court's Order allowed for "an answer, motion, or other response."  *Id.*  In lieu of filing an answer, Respondent filed the instant Motion to Dismiss.  If the Court were to deny the Motion to Dismiss, then it would require a complete answer to be filed.  *See* Rules Governing Section§ 2254 Cases, Rule 4 ("If the petition is not dismissed, the judge must order the respondent to file an answer, motion, or other response within a fixed time.").  Because the Court finds that Petitioner is plainly not entitled to relief, a review of the transcripts is unnecessary.

Petitioner further claims that Respondent failed to file a "mandamus" filed by Petitioner during the summer of 2006.  D.E. 22 at 4.  Petitioner fails to explain how this filing is relevant to

the instant action.  Finally, Petitioner states that Respondent provided a homemade court docket rather than an official docket for all Cuyahoga County, Ohio proceedings.  *Id.*  It appears that Petitioner is referring to the Appendix provided by Respondent to organize the exhibits filed in conjunction with its Motion to Dismiss.  *See* D.E. 19-1.  Because the factual background in this matter involved different several state cases, a single docket containing all of the relevant filings would likely not exist.

On September 7, 2012, Petitioner filed a document entitled "Petitioners Final Arguments and Motion for Summary Judgement."  D.E. 27.  Respondent moved to strike this document from the record because it was filed after Respondent's Motion to Dismiss became ripe, and because Respondent contends that it is an impermissible sur-reply.  D.E. 28.  Petitioner then filed a motion for the Court to accept his "Final Arguments and Motion for Summary Judgement," in which he noted that he is untrained in the law, he did not receive Respondent's reply to the Motion to Dismiss in a timely fashion, and he was not notified of the Court's deadline for him to respond.  D.E. 29.  The Court agrees with Respondent and **GRANTS** the motion to strike Docket Entry No. 27 from the record (D.E. 28).  Pursuant to Local Rule 7.1(g), a motion is ripe for the Court's consideration after the reply memorandum is filed or the time for filing a reply has expired.  L.R. 7.1(g).  Thus, Respondent's Motion to Dismiss was ripe after Respondent filed its reply on August, 22, 2012.  The Court understands and acknowledges Petitioner's limited training in the law; however, Petitioner ***did*** file a response to the Motion to Dismiss, in which he set forth several arguments in opposition to Respondent's positions.  *See* D.E. 22.  Petitioner's pro se status does not entitle him to file additional documents beyond those allowed by the Local Rules.  In addition, the Court has reviewed Petitioner's "Final Arguments and Motion for Summary Judgement," and finds that it does not change the undersigned's recommendation.

11

Petitioner spends much time arguing why the instant detainer is illegal and does not address the primary reason Petitioner's § 2254 petition must be dismissed—his failure to exhaust state court remedies.

Finally, the Court has received a letter from Petitioner stating that he did not receive Docket Entry Nos. 20 and 23.  Docket Entry No. 20 ordered Petitioner to respond to Respondent's Motion to Dismiss, and as noted, Petitioner filed a response on July 27, 2012.  *See* D.E. 22.  Docket Entry 23 set a deadline for Respondent to reply to the Motion to Dismiss. Because both a response and a reply to the Motion to Dismiss have been filed, it is unnecessary for the Clerk resend these Orders.  However, the Court **ORDERS** that the Clerk **SHALL** file Petitioner's letter in the record.

## III.  CERTIFICATE OF APPEALABILITY

Where a § 2254 petition is dismissed on procedural grounds, a Certificate of Appealability "should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."  *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).  Here, the undersigned recommends dismissal on procedural grounds—that is, pursuant to the exhaustion requirement § 2254(b) and Petitioner's failure to raise a federal constitutional claim as required by § 2254(a).  No Certificate of Appealability should issue because no jurist of reason would debate whether the Petition states a valid claim for relief.

## IV.  RECOMMENDATION

For the reasons described above, the Court **RECOMMENDS** that Respondent's Motion to Dismiss (D.E. 19) be **GRANTED** and Petitioner's § 2254 petition (D.E. 1) be **DISMISSED**

without prejudice, and that the District Court **DENY** a Certificate of Appealability as to all issues.

Further, the Court **GRANTS** Respondent's motion to strike Docket Entry No. 27 (D.E. 28), **DENIES** Petitioner's motion for the Court to enter Docket Entry No. 27 (D.E. 29), and **ORDERS** that Docket Entry No. 27 is **STRICKEN** from the record.

Finally, the Court **ORDERS** that the Clerk **SHALL** file Petitioner's recent letter in the record.

The Court directs the parties to 28 U.S.C. § 636(b)(1) for appeal rights and mechanics concerning this Recommended Disposition, issued under subsection (B) of the statute. *See also* Rules Governing Section 2254 Cases, Rule 8(b). Within fourteen days after being served with a copy of this decision, any party may serve and file specific written objections to any or all findings or recommendations for determination, de novo, by the District Court. Failure to make a timely objection consistent with the statute and rule may, and normally will, result in waiver of further appeal to or review by the District Court and Court of Appeals. *See Thomas v. Arn*, 474 U.S. 140, 155 (1985); *United States v. Walters*, 638 F.2d 947, 950 (6th Cir. 1981).

This the 7th day of February, 2013.

Signed By:

*Hanly A. Ingram*

United States Magistrate Judge