UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

CIVIL ACTION NO. 12-80-KKC

TONY ALEXANDER,                                                                                    PETITIONER

V.                                                            **ORDER**

KENTUCKY DEPT. OF CORRECTIONS, and
ADULT PAROLE AUTHORITY OF OHIO,                                            RESPONDENTS.

*******

Pending before the court is Tony Alexander's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 filed on March 14, 2012. Magistrate Judge Hanly Ingram filed a report and recommendation (R. 37), to which Alexander timely objected (R. 40) and then filed a motion requesting a certificate of appealability (R. 41). In his report and recommendation, Magistrate Judge Ingram recommends the court dismiss the present action without prejudice because Alexander failed to exhaust state court remedies. The court, having reviewed the record *de novo* pursuant to 28 U.S.C. § 636(b) and being otherwise sufficiently advised, will adopt the report and recommendation and deny Alexander's pending motion. To the extent that Alexander does not specifically object to the report and recommendation, the court concurs in the result recommended by the Magistrate. *See Thomas v. Arn*, 474 U.S. 140, 142 (1985).

Petitioner is currently a prisoner in Kentucky based on convictions for drug trafficking charges in Jefferson Circuit Court. He also has a lengthy criminal history in Ohio. Following his sentencing here in Kentucky in 2011, the Respondent, Ohio Adult Parole Authority,[1] issued a

---

[1] The court will refer to the "Respondent" as including both the Ohio Adult Parole Authority and the Ohio Attorney General as the Ohio Attorney General has been filing motions on their behalf. For further clarification see R. 37, FN 1.

detainer warrant against the petitioner on the basis that his Kentucky convictions were a violation of his unexpired term of supervised release in Ohio.  This detainer, which Petitioner argues is illegal, forms the basis of the current § 2254 petition for habeas relief.  Magistrate Judge Ingram's report and recommendation concludes that Alexander's petition for habeas relief be dismissed without prejudice primarily because he has not exhausted all of his available remedies in Ohio.  A § 2254 petitioner must exhaust his state court remedies prior to filing a federal petition for a writ of habeas corpus.  28 U.S.C. § 2254(b).  According to the report, it is anticipated that Ohio authorities will execute a warrant, obtain custody of Petitioner and conduct a full parole revocation hearing upon the expiration of Alexander's sentence here in Kentucky.

Alexander timely filed objections to the Magistrate's Report and Recommendation. However, the objections all seem to address the legality of the Ohio detainer.  For example, his objections include whether the Ohio Parole Authority should have notified Kentucky before placing a detainer on him, whether Ohio had jurisdiction to issue a detainer against him, and whether the Ohio Parole Authority's actions violate the Double Jeopardy Clause.  *See* R. 40. After reviewing the petitioner's objections, the court finds that Alexander's objections to the magistrate judge's report and recommendation, which essentially re-state the positions he previously articulated in his petition for habeas relief, are without merit.  Notably, he does not address the Magistrate Judge's ultimate conclusion as to whether or not his claims were exhausted.  As to all other issues within the report and recommendation, this court agrees with the magistrate judge.

Accordingly,

**IT IS ORDERED** that the Magistrate Judge's Report and Recommendation, R.37, is **ADOPTED** as the opinion of the court.

**IT IS FURTHER ORDERED** that the defendant's petition for habeas corpus pursuant to 28 U.S.C. § 2254, R.1, is **DENIED**, the Respondent's motion to dismiss (R. 19) is **GRANTED** and this matter is **DISMISSED WITHOUT PREJUDICE**.

**IT IS FURTHER ORDERED** that this court **WILL NOT ISSUE** a certificate of appealability, pursuant to 28 U.S.C § 2253(c), because no reasonable jurist would find the district court's assessment of the petitioner's constitutional claims, if any, debatable or wrong and no reasonable jurist would find it debatable whether the court was correct in its procedural ruling. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Thus, the defendant's motion for a certificate of appealability (R. 41) is **DENIED**.

This matter is **STRICKEN** from the court's active docket. A separate Judgment will issue.

Dated this 27th day of February, 2013.

Signed By:
*Karen K. Caldwell* KKC
United States District Judge